UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| YVONNE JONES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 3:17-cv-01319 |
| | ) | JUDGE CRENSHAW |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Yvonne Jones, a resident of Nashville, Tennessee, brings this *pro se*, *in forma pauperis* action against Deutsche Bank National Trust Company, alleging that the Defendant wrongfully foreclosed on her property in violation of federal and state law. (Compl., Doc. No. 1.) The plaintiff appears to appeal a Writ of Restitution entered by the Sixth Circuit Court for Davidson County, Tennessee. She seeks damages as well as injunctive and declaratory relief.

**I.      Required Screening of the Complaint**

Because Plaintiff proceeds as a pauper in this action, the Court must conduct an initial review of the Complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss it, or any portion of it, that is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. In assessing whether the Complaint in this case states a claim for which relief may be granted, the Court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–57 (2007). See Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that "the dismissal standard

articulated in Iqbal and Twombly governs dismissals for failure to state a claim under [§ 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)"). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of a complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir.

2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

## II. Background and Factual Allegations in Complaint

This is at least the fourth action filed by Plaintiff challenging the foreclosure of real property located at 3013 Chateau Valley Drive, Nashville, Tennessee 37207 ("the Property). Plaintiff identifies 3013 Chateau Valley Drive as her current address in her present Complaint. (Compl. at 1.)

Her first lawsuit challenging the foreclosure was filed in this Court in December 2014. Jones v. Ocwen Loan Servicing, Inc.., No. 3:14-cv-2328 (M.D. Tenn. Dec. 4, 2014) (Compl., Doc. No. 1). The plaintiff did not proceed *in forma pauperis*, and the matter was referred to a magistrate judge. In January 2015, the plaintiff amended her Complaint to name additional defendants,[1] but she omitted from the Amended Complaint allegations establishing federal jurisdiction. The action was dismissed without prejudice in July 2015 based on the plaintiff's failure to plead a federal question or to plead facts establishing diversity jurisdiction.

Several months later, in November 2015, Plaintiff filed a second action in this Court, again challenging the same foreclosure and naming only Ocwen Financial Corporation and Ocwen Loan Servicing, LLC as defendants. Jones v. Ocwen Fin'l Corp., No. 3:15-cv-01272 (M.D. Tenn. Nov. 18, 2015). Plaintiff paid the filing fee, and the matter was referred to the

---

[1] The Amended Complaint named as Defendants Ameriquest Mortgage Securities, Inc., Jason S. Magrum, J.P. Sellers, Lori Liane Long, Ocwen Loan Servicing, LLC, American Home Mortgage/Homeward Residential, Inc., and Electronic Registry Systems, Inc. (MERS).

3

magistrate judge, who filed a Report and Recommendation on September 29, 2017, recommending that the defendants' Motion to Dismiss be granted based on the failure of the Complaint to assert sufficient factual material to state a claim for which relief may be granted. The magistrate judge observed that Plaintiff alleged

> 'misconduct related to the servicing of [her] single family residential mortgages' by Ocwen, based upon the acts of Homeward Residential, Inc., and Litton Loan Servicing, LP before they were acquired by Ocwen. (Doc. No. 1, PageID# 1, ¶¶ 1–2.) Jones states that this misconduct "resulted in premature and unauthorized foreclosures, violation of [her] homeowners' rights and protections, and the use of false and deceptive affidavits and other documents." (Id. at ¶ 2.) Jones's complaint is a near-verbatim recitation of a complaint filed by the Consumer Financial Protection Bureau (CFPB) and the Attorneys General of all states except Oklahoma in the United States District Court for the District of Columbia against the same defendants. (Compare Doc. No. 1 with Doc. No. 1, Complaint, Consumer Financial Protection Bureau, et al., v. Ocwen Financial Corp. and Ocwen Loan Servicing, LLC, Case No. 1:13-cv-02025-RMC (D.D.C. Dec. 19, 2013).) That lawsuit resulted in a consent decree under which Ocwen agreed to provide, among other relief, $2 billion to consumers who had been harmed by its loan servicing practices. (Doc. No. 12, Consent Decree, Consumer Financial Protection Bureau, et al., v. Ocwen Financial Corp. and Ocwen Loan Servicing, LLC, Case No. 1:13-cv-02025-RMC (D.D.C. Feb. 26, 2014).) Jones does not state whether she was eligible for or received relief as part of that action.
>
> Repeating the allegations of the CFPB action in her own complaint, Jones states that Ocwen engaged in a number of unfair lending practices . . . . Jones's complaint does not include any specific allegations regarding her own loan or misconduct by Ocwen in its servicing.

Jones v. Ocwen Fin'l Corp., No. 3:15-cv-01272 (M.D. Tenn. Sept. 29, 2017) (Doc. No. 30, at 2–3).

In December 2015, the plaintiff filed her third Complaint challenging foreclosure on the same Property, this time in the Circuit Court for Davidson County, Tennessee. The defendants in that case, Ocwen Loan Servicing, LLC, Homeward Residential, Inc. (formerly known as American Home Mortgage Services, Inc.), and Deutsche Bank National Trust Company, as Trustee for Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage

4

Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-R4, removed the case to federal court on February 22, 2016. That action asserted claims for violations of the Fair Debt Collection Practices Act, Fair Credit Reporting Act, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Other than alleging that she had executed a mortgage with a different mortgage company and that the defendants therefore lacked standing to foreclose on the Property, the complaint in that action did not contain any specific factual allegations pertaining to Plaintiff's own mortgage or the circumstances that supported her own claims against the defendants. The Complaint was dismissed in June 2016 for failure to plead sufficient factual content to support the claims for relief. Jones v. Ameriquest Mortg., No. 3:16-cv-00361 (M.D. Tenn. June 21, 2016) (Order, Doc. No. 21).

Plaintiff characterizes her most recent lawsuit, filed in this Court on September 28, 2017, as an "Appeal from Sixth Circuit Court Doc. 16C56, A new case." (Doc. No. 1, at 1.) The only named defendant is "Deutsche Bank c/o of Machie Wole Zientz 5217 Maryland Way, Ste 404, Brentwood, Williamson County, TN 37027." (Doc. No. 1, at 2.) The body of the form Complaint contains no factual allegations; instead, Plaintiff states only "see attachment" in the space reserved for the Statement of Claim. (Id. at 2.) The referenced attachment is titled "Plaintiff Appeal the Writ of Restitution: Motion for Plaintiff Relief." (Doc. No. 1, at 4.) Attached to this document is an Order issued on August 30, 2017 by the Sixth Circuit Court for Davidson County, Tennessee in Case No. 16C56, approving plaintiff Deutsche Bank National Trust Company's Writ of Restitution for possession of premises. (Doc. No. 1, at 38.) It appears that Plaintiff seeks to appeal in this Court the state court's issuance of the Writ of Restitution.

The Memorandum attached to her pleading largely mirrors the complaint in Case No. 3:15-cv-01272, which itself was copied from the complaint in Consumer Financial Protection

<u>Bureau, et al., v. Ocwen Financial Corp. and Ocwen Loan Servicing, LLC</u>, Case No. 1:13-cv-02025-RMC (D.D.C. Dec. 19, 2013). The primary differences are that Plaintiff inserts references to Deutsche Bank, in addition to those addressed to Ocwen, and alleges specifically that "Defendant Deutsche Bank National Trust Company conspired with Ocwen Financial Corporation [and] Ocwen Loan Servicing, LLC" by pursuing foreclosure actions "using false and fabricated documents, particularly mortgage assignments." (<u>Id.</u>) She states:

> The Defendants [sic] used these fraudulent mortgage assignments to conceal that over 1400 [Mortgage Backed Securities] trusts, each with mortgages valued at over one (1) billion, are missing critical documents, namely, the mortgage assignments that were required to have been delivered to the trusts at the inception of the trust. Without lawfully executed mortgage assignments, the value of the and [sic] notes held by the trusts is impaired because effective assignments are necessary for the trust to foreclosure [sic] on its assets in the event of mortgage defaults and because the trusts do not hold good title to the loans and mortgages that investors have been told secure the notes. When the trustee banks discovered that the mortgage assignments were missing, the trustee banks, together with an associated servicing company . . . devised and operated a scheme to replace the missing assignments with fraudulent, fabricated assignments. The purpose of this scheme was not [sic] to meet the evidentiary requirements imposed by courts in the foreclosure cases, and to conceal from trust certificate holders the true, impaired value of the assets of each of the trusts, crippled by the missing assignments and related documents.

(<u>Id.</u> at 6–7.)

Plaintiff alleges very generally that Defendant perpetrated fraud by, among other things, forging the signatures of grantors, witnesses, and notaries on mortgage assignments; engaging individuals who were not employed by banks and mortgage companies to sign mortgage assignments as corporate officers on behalf of such banks and mortgage companies; having individuals sign mortgage assignments on behalf of banks and mortgage companies that had been dissolved prior to the assignments; and preparing mortgage assignment documents years after the assignment purportedly took place. (<u>Id.</u> at 7.)

Plaintiff does, however, relate these general allegations to her specific situation: she alleges that the Promissory Note dated March 8, 2005, in favor of Ameriquest Mortgage Company ("Ameriquest"), in the principal amount of $138,750.00, attached as an exhibit to her pleading and previously provided to her by Ocwen, reflects a forged signature and initials and that she did not actually execute the Promissory Note. (See Doc. No. 1, at 8 ("A forged copy of the Note is attached to the Motion to Dismiss as Exhibit 1.").)[2] She further indicates that she did not actually sign the Deed of Trust granting a lien against the Property in favor of Ameriquest as lender, with Wesley D. Turner as trustee, and that her signature on the Deed of Trust attached to her pleading, previously provided to her by Ocwen (see Note 1), is likewise a forgery. (Doc. No. 1, at 9.) She states that the Property was sold at a foreclosure sale on January 8, 2015 to Defendant Deutsche Bank, but that Deutsche Bank did not have the right to buy the property "due to forged note and deed of trust with forged signatures and initials." (Id.)[3]

Plaintiff claims that, on July 23, 2012, she had requested a copy of her original Promissory Note from Homeward Residential, apparently the entity that originally serviced her home mortgage. Homeward Residential did not respond until April 8, 2013, at which time it informed her that collection of the loan had been transferred to Ocwen Loan Servicing on March 11, 2013 and that "Homeward is unable to provide the remainder of the documents and/or the data requested . . . as that material is for internal business purposes only, and/or is not required to be furnished under applicable law." (Doc. No. 1, at 37.)[4] Plaintiff states that she has

---

[2] Plaintiff is apparently quoting from the Motion to Dismiss filed by the defendants in Jones v. Ameriquest Mortgage, No. 3:16-cv-00361 (M.D. Tenn. Feb. 29, 2016) (Doc. No. 8-1).

[3] Plaintiff claims that a handwriting expert analysis is attached to her pleading as Exhibit 3 (Doc. No. 1, at 9), but no such analysis appears among the documents submitted by Plaintiff.

[4] This letter states that it is in response to correspondence from Plaintiff dated February 22, 2013. It also refers to a prior letter to Plaintiff dated March 13, 2013, which purportedly

repeatedly requested copies of the original loan documents signed by her, but she has only ever received copies of the forged Promissory Note and Deed of Trust. (Doc. No. 1, at 10.)

Based on these allegations, Plaintiff seeks "restitution on her own behalf as a consumer that was violated in the state of Tennessee." (Doc. No. 1, at 12.) The claims for relief (Counts I, II, and III) included in this Complaint are copied directly from the Complaint in Case No. 3:15-cv-1272 and <u>Consumer Financial Protection Bureau, et al., v. Ocwen Financial Corp. and Ocwen Loan Servicing, LLC</u>, Case No. 1:13-cv-02025-RMC (D.D.C. Dec. 19, 2013). Counts I and II in the current Complaint are for "violations of State law prohibiting unfair and deceptive consumer practices with respect to loan servicing" and assert that the "States have had to incur substantial expenses in their investigations and attempts to obtain remedies for the Servicers' unlawful conduct," as a result of which Plaintiff "request[s] the court to order the Defendant Ocwen [sic] to secure a handwriting expert and bear the cost to validate signature on their documentation." (Doc. No. 1, at 18.) Count III is for violations of the Consumer Financial Protection Act. In her prayer for relief, Plaintiff requests that judgment be entered in her favor, that Defendant be enjoined from "committing future violations, that Plaintiff be awarded compensatory, punitive, and special damages, "along with release of mortgage filed by Defendant in favor of Plaintiff in Register of Deeds office," a letter to all three credit reporting bureaus, court costs, and such other relief as the Court deems proper. (Compl. at 19–20.)

**III. Discussion**

Unlike Plaintiff's pleadings in her prior actions challenging foreclosure on the Property, the present Complaint contains some specific factual allegations regarding her own loan. In

---

"sufficiently addresse[d] the concerns in [Plaintiff's] correspondence in regards to [her] previous requests for copies of the loan documents (Adjustable Rate Note and Deed of Trust) and debt validation for the above referenced loan." (Doc. No. 1, at 37.)

particular, Plaintiff indicates that the Promissory Note and Deed of Trust purporting to convey a security interest in the Property to Ameriquest Mortgage Company were forged. She claims on that basis that the sale of the Property to Deutsche Bank should be set aside.

The pleading remains deficient, however, for several reasons.

First, the Complaint does not state a basis for the Court's jurisdiction. If the Court assumes that Plaintiff intends to assert claims based on federal question jurisdiction under the Consumer Financial Protection Act ("CFPA"), Plaintiff alleges that *Ocwen* violated the CFPA. She does not allege facts showing that Deutsche Bank violated the CFPA. Ocwen is not named as a defendant in this action, and the claims against Ocwen do not establish liability on the part of Deutsche Bank.

More importantly, even if the Court construes the Complaint as asserting claims against Deutsche Bank under the CFPA, 12 U.S.C. §§ 5531(a) and 5536, pertaining to "loan servicing" and "foreclosure processing" (Compl., Doc. No. 1 at 12), these provisions do not authorize a private right of action, as this Court has already recognized:

> While [the CFPA, specifically 12 U.S.C. §§ 5531(a) and 5536] provides that the *Consumer Financial Protection Bureau* may take action against parties committing or engaging in unfair, deceptive, or abusive acts or practices with respect to a consumer financial product or service, this statute does not provide for a private right of action.

Jones v. Ocwen Fin'l Corp., No. 3:15-cv-1272 (M.D. Tenn. Sept. 29, 2017) (R&R, Doc. No. 30, at 3–4) (emphasis added) (citing Pittman v. Seterus, Inc., No. 3:14-CV-3852, 2015 WL 7444108, at *3 (N.D. Tex. Oct. 28, 2015) (no private right of action under § 5531); Johnson v. J.P. Morgan Chase Nat'l Corporate Servs., Inc., No. 3:13-CV-678, 2014 WL 4384023, at *5 (W.D.N.C. Aug. 5, 2014) (there is no private right of action under the CFPA)). In sum, the Complaint fails to state a federal claim under the CFPA over which this Court has original jurisdiction.

9

Plaintiff's remaining claims are based on Tennessee state common law governing wrongful foreclosure. Plaintiff has not specifically invoked diversity jurisdiction in this action, and the Court cannot presume that it exists based on the allegations in the Complaint. Even if the Court has supplemental jurisdiction over these claims under 28 U.S.C. § 1367(a), the Court declines to exercise such jurisdiction, pursuant to § 1367(c)(3).

Finally, the Court also notes that, to the extent that Plaintiff seeks to "appeal" the entry of judgment in a state court proceeding awarding judgment and possession of the Property to Deutsche Bank, under the Rooker–Feldman doctrine, this Court lacks subject matter jurisdiction over an appeal from a state court judicial proceeding. Todd v. Weltman, Weinberg & Reis Co., 434 F.3d 432, 436 (6th Cir. 2006) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983)). If Plaintiff objects to a state court's decision, her recourse is to pursue an appeal through the state court system. If she has or had a defense based on forged documents, she should have raised such claims in the state court rather than here.

**IV. Conclusion**

For all these reasons, the Complaint will be dismissed. Plaintiff's CFPA claim under 12 U.S.C. §§ 5531(a) and 5536 will be dismissed with prejudice, and her state law claims will be dismissed without prejudice.

An appropriate order will enter.

*[signature]*
_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE